UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RIDDLE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:17-cv-04731-SEB-MJD |
| CITY OF COLUMBUS,<br>DICKMAN Officer,<br>CLAPP Officer,<br>MORPHEW Officer,<br>QUESENBERY Officer,<br>VELTEN Officer,<br>WRIGHT Officer,<br>JESSICA MURPHY Nurse,<br>LINNEWEBER Detective,<br>KUSHMAN Officer, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**Order Granting Defendant Murphy's Motion for Summary Judgment**

Plaintiff Christopher Riddle, an inmate at the Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that he was taken by police to Columbus Regional Hospital and subjected to an illegal blood draw. Defendant Jessica Murphy seeks summary judgment on the claims against her. Mr. Riddle was given through February 25, 2019, to respond to Murphy's motion for summary judgment, but he has failed to do so. The motion is now ripe for resolution. For the following reasons, Ms. Murphy's motion for summary judgment is **granted**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear,

whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

Mr. Riddle failed to respond to Ms. Murphy's summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and

serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

On July 10, 2017, Mr. Riddle was placed under arrest and taken by police to the Columbus Regional Hospital Emergency Department. Dkt. 1, pg. 2; Dkt. 42-1, ¶ 4. At the time, Ms. Murphy was employed by ScribeAmerica and working as a scribe in the Emergency Department. Dkt. 42-1, ¶ 2. Ms. Murphy is not a nurse and has never performed nursing services including in the Columbus Regional Hospital Emergency Department on July 10, 2017. *Id.*, ¶ 3. Her duties as a scribe were to perform note-taking for the Emergency Department physician's documentation in the Emergency Physician Record. *Id.* On July 10, 2017, Mr. Riddle was evaluated in the Emergency Department by Dr. Samuel Locoh-Donou, who was the Emergency Department physician. Ms. Murphy performed the scribe services for Dr. Locoh-Donou's documentation in the Emergency Physician Record. *Id.*, ¶ 4. Ms. Murphy did not draw blood from Mr. Riddle nor did she have any role in the warrant that was issued for collection of the blood. *Id.*, ¶ 5). Further, Ms. Murphy did not witness blood being drawn from Mr. Riddle. *Id.*

## III. Discussion

Ms. Murphy seeks summary judgment on Mr. Riddle's claims against her arguing that she took no part in the collection of his blood on July 10, 2017. Mr. Riddle has provided no evidence to rebut these facts.

Mr. Riddle's claims are necessarily brought pursuant to 42 U.S.C. § 1983. *See* Dkt. 1 (alleging "illegal search and seizure"); Dkt. 8. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted). A defendant in a § 1983 action can be liable only for the actions or omissions in which she personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Because it is undisputed that Ms. Murphy did not participate in the allegedly illegal blood draw, she cannot be held responsible for violating Mr. Riddle's civil rights. She is therefore entitled to summary judgment on his claims against her.

## IV. Conclusion

For the foregoing reasons, Jessica Murphy's motion for summary judgment, dkt. [42], is **granted**. No partial final judgment shall issue as to the claim resolved in this Order. The **clerk shall terminate** Jessica Murphy as a defendant on the docket.

**IT IS SO ORDERED.**

Date: 3/26/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER RIDDLE
944917
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Steven J. Cohen
ZEIGLER COHEN & KOCH
scohen@zcklaw.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

John Vincent Maurovich
COOTS, HENKE & WHEELER
jmaurovich@chwlaw.com