UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04731-SEB-MJD |
| | ) | |
| CITY OF COLUMBUS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Discussing Motion for Summary Judgement**

Plaintiff Chris Riddle brought this case pursuant to 42 U.S.C. § 1983 against the City of Columbus and several Columbus police officers for an alleged unconstitutional blood draw after his arrest on July 10, 2017. The defendants move for summary judgment and Mr. Riddle has not responded.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

Mr. Riddle failed to respond to the defendants' summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

At all relevant times on July 10, 2017, the individual defendants were acting as law

enforcement officers for the City of Columbus Police Department. Officer Dickman responded to a dispatch call at the Gateway Apartments at Phoenix Court, in reference to a welfare check on a black male subject passed out in a Chevy Cavalier, which was located in the parking lot. Dkt. 66-2, ¶ 3. While awaiting back-up, Officer Dickman observed in plain view an open black bag on the passenger seat of Mr. Riddle's vehicle. Dkt. 66-2, ¶ 6. In the bag, he saw cash, sandwich baggies, a pill bottle, and digital scales with residue on them. *Id.* Based upon Officer Dickman's training and experience, he recognized these items to be associated with the use and/or distribution of illegal drugs. *Id.* In addition, he observed an open alcohol container in the center console. *Id.*

After about three minutes, Officer Ben Quesenbery arrived on scene. *Id.*, ¶ 7. During these officers' interaction with Mr. Riddle, he resisted officers and bit Officer Dickman very hard on his right bicep. Dkt. 66-2, ¶¶ 9-13; Dkt. 66-3, ¶¶ 7-9. Mr. Riddle fled from officers, but he was eventually subdued through the use of a taser and arrested. Dkt. 66-2, ¶ 14; Dkt. 66-3, ¶ 10. Medical personnel arrived and began to treat Mr. Riddle. Dkt. 66-2, ¶ 18. It is standard protocol for a person subjected to a taser deployment to be taken to the hospital for assessment. *Id.* Also, because Mr. Riddle bit Officer Dickman, he wanted Mr. Riddle tested for any communicable disease that may have been transmitted. *Id.*

Officers Clapp, Velten, and Wright along with other officers not named as defendants in this matter, responded to the scene following the initial interaction as back-up. Dkt. 66-5, ¶ 4; Dkt. 66-8 ¶ 4; Dkt. 66-7, ¶ 4. Officer Clapp rode with Mr. Riddle in the ambulance to the Columbus Regional Hospital for medical clearance. Dkt. 66-5, ¶ 5. Detective Kushman responded to the apartment complex to assist in the investigation. Dkt. 66-4, ¶ 4. After speaking with and gathering information from Dickman and reviewing the scene, Kushman requested and obtained judicially authorized search warrants for the vehicle and for Mr. Riddle's blood. *Id.* at ¶ 6.

Bartholomew County Magistrate Joseph Meek reviewed the affidavits drafted by Kushman providing probable cause for the issuance of the warrants and signed warrants for the vehicle (at approximately 2:25 p.m.) and for the blood sample (at approximately 2:27 p.m.). *Id.* at ¶¶ 5-7; Dkt. 66-9; Dkt. 66-10. Kushman assisted in executing the search warrant on the vehicle at the scene. Dkt. 66-4, ¶ 8.

Detective Linneweber volunteered to take the blood draw warrant to Columbus Regional Hospital. Dkt. 66-1, ¶ 4. Detective Linneweber served the warrant and explained the contents to hospital staff and to Mr. Riddle. Dkt. 66-1, ¶ 5. Det. Linneweber also attempted to show the warrant to Mr. Riddle. *Id.* Detective Linneweber and Officer Clapp waited outside of Mr. Riddle's hospital room while staff performed the blood draw. *Id.* at ¶ 6. Detective Linneweber believes the blood was drawn by hospital staff at or near 2:45 p.m. on that date, but he does not have a specific recollection. *Id.* Despite not recalling the exact time blood was taken, he was aware that it was drawn after he served the warrant. *Id.* at ¶ 6. The warrant was left with hospital staff to be added to Mr. Riddle's discharge paperwork. *Id.* at ¶ 7. None of the officers conducted the blood draw. Dkt. 66-1, ¶ 6; Dkt. 66-2, ¶ 23; Dkt. 66-3, ¶ 16; Dkt. 66-4, ¶ 12; Dkt. 66-5, ¶ 7; Dkt. 66-6, ¶ 5; Dkt. 66-7, ¶ 7; Dkt. 66-8, ¶ 7.

According to hospital records, Mr. Riddle arrived at 1:12 p.m. and was discharged from the hospital at approximately 5:38 p.m. Dkt. 66-11. At 1:47 p.m. the nurse noted Mr. Riddle was uncooperative with medical staff's attempts to take his pulse, blood pressure, and oxygen and "Pt declines lab draw; Pending court order…" *Id,* p. 3. At 2:02 p.m. the nurse noted that "Pt pending tx after obtaining court order." *Id.* at 10. Hospital staff requested a blood draw at 2:13 p.m. for diagnostic and treatment purposes before Mr. Riddle could be medically cleared for jail. *Id.* p. 11. A. nurse collected Plaintiff's blood at 3:27 p.m. *Id.*, p. 12. The hospital records also contain

a "Scribe Attestation" by Jessica Murphy located at the bottom of a template. Dkt. 66-11, pg. 9:

> **SCRIBE ATTESTATION:**
> Jessica Murphy Acting as scribe for Locin-Donou
> Scriber Name                                MLP / Physician Name
> ☑ I personally performed the services described in the documentation, reviewed the documentation recorded by the scribe in my presence and it accurately and completely records my words and actions.
> Date: 7/10/17   Time: 13:53
> Physician signature _____
> ☑ Template Complete   ☐ See Addendum (Dictated / Template # _____)

The scribe attestation also includes the following information concerning "labs":

> **LABS**
> CBC / Chemistries / UA
> normal except / normal except / normal except
> WBC___ Gluc___ CK___
> Hgb___ BUN___ CKMB___
> Hct___ Creat___ Troponin___
> Platelets___ Na___ PT/PTT___  **Cultures sent**
> segs___ K___ INR___ blood x___
> bands___ CO2___ Amylase___ sputum___
> ___ Anion Gap___ Lipase___ urine___
> Pulse Ox 00% on RA / L O₂  Interp (nml / hypoxic)  Time: 3:14
> EKG  HEP B ⊖  HEP C ⊖  HIV ⊖

> Discussed with Dr._____  Additional history from:
> will see patient in: ED / hospital / office  family  caretaker  paramedics
> Counseled patient / family regarding:  Rx given_____
> lab/rad. results  diagnosis  need for follow-up.
> ___ Tobacco Cessation: discussed: plan / trigger / challenges / gave Rx___
> ___ Alcohol Cessation: discussed: plan / risk / coping measures___
> CRIT CARE TIME  (excluding separately billable procedures) ___ min
> Initial visit unless marked:

*Id.*

Ms. Murphy was a former defendant in this matter and executed an affidavit, which was filed as part of her motion for summary judgment, on September 28, 2018. Dkt. 66-12; Dkt. 42-1. In her affidavit, Ms. Murphy testified that she was scribe and assisted in documenting the patient record. *Id.* at ¶ 3. She further stated that she is not a nurse and has never provided nursing services. *Id.*

Moreover, she did not witness blood being drawn from Mr. Riddle in the Columbus Regional Hospital Emergency Department on July 10, 2017. *Id.* at ¶ 5.

### III. Discussion

The defendants seek summary judgment arguing that Mr. Riddle's rights were not violated when his blood was drawn at the hospital. While Mr. Riddle alleges that the blood draw violated his rights under the Fourth, Fifth, and Fourteenth Amendments, his claim is properly analyzed under the Fourth Amendment. *See Mitchell v. Wisconsin*, No. 18-6210, 2019 WL 2619471, at *4 (U.S. June 27, 2019) (considering claim of illegal blood draw under the Fourth Amendment).

Mr. Riddle contends that his rights were violated because the blood draw was performed before the warrant for the blood draw was issued. A warrant is normally required for such a search. *Mitchell*, No. 18-6210, 2019 WL 2619471, at *4; *Schmerber v. California*, 384 U.S. 757, 770 (1966). But the defendants have produced evidence that Detective Kushman obtained judicially-authorized warrants based upon probable cause for Mr. Riddle's vehicle and his blood after his interaction with Officers Dickman and Quesenbery. Dkt. 66-4, ¶ 6; Dkt. 66-10. Bartholomew County Magistrate Joseph Meek signed the warrant at approximately 2:27 p.m. after review of the probable cause affidavit Dkt. 66-10. Before hospital staff drew Mr. Riddle's blood, Detective Linneweber presented the warrant and explained it to both hospital staff and Mr. Riddle. Dkt. 66-1, ¶ 6.

Mr. Riddle asserted in his Complaint that his blood was drawn at 1:53 p.m. (which was before the warrant was signed) and he presumably relies upon Ms. Murphy's handwritten scribe attestation for this conclusion. But Ms. Murphy testified in an affidavit that she did not draw Mr. Riddle's blood and did not witness the blood draw. And the document does not indicate when the blood draw occurred, but elsewhere the medical records indicate that the blood draw occurred at

3:27 p.m. Dkt. 66-11, p. 12. Because it is undisputed that Mr. Riddle's blood was drawn after a warrant was issued, the defendants are entitled to summary judgment on his claim that his rights were violated. Moreover, any claim against the City of Columbus based on an allegation that the City maintained a policy that resulted in the denial of Mr. Riddle's rights must be dismissed because no constitutional violation has occurred. *See Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014).

### IV. Conclusion

For the foregoing reasons, a valid warrant was obtained before Mr. Riddle's blood was drawn. The defendants therefore did not violate his Fourth Amendment rights and they are entitled to summary judgment on his claims. The motion for summary judgment, dkt. [64], is **granted**. Judgment consistent with this order and the order granting Jessica Murphy's motion for summary judgment shall now issue.

**IT IS SO ORDERED.**

Date: 7/3/2019

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER RIDDLE
944917
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Steven J. Cohen
ZEIGLER COHEN & KOCH
scohen@zcklaw.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

John Vincent Maurovich
COOTS, HENKE & WHEELER
jmaurovich@chwlaw.com